## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:20CR109** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DEMOND PROCTOR,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

### CHRISTOPHER A. BOYKO, J.:

Before the Court is Defendant Demond Proctor's Motion to Release from Detention. (Doc. 114).  For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On February 26, 2020, a Grand Jury issued a Superseding Indictment charging Defendant with one count of Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)A); and one count of Use of a Communications Facility to Facilitate a Felony Drug Offense, a violation of 21 U.S.C. § 843(b). (Doc. 16).  On March 10, 2020, Defendant waived his right to a Detention Hearing.  (Doc. 75).

On April 10, 2020, Defendant filed his Motion.  (Doc. 114).  The Government responded on April 14, 2020 asking the Court to deny Defendant's request.  (Doc. 119).

### II. LAW & ANALYSIS

Defendant asks "the Court re-open his detention hearing because of changed circumstances and grant him bail with conditions of Electronic Home Monitoring or G.P.S."

(Doc. 114, PageID: 576).  A district court *may* reopen a detention hearing based on changed circumstances.  18 U.S.C. § 3142(f)(2)(B).  However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community."  *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)).  "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community."  *Id.*

Defendant cites the COVID-19 virus and the fact that a contractor of the facility where he is detained tested positive for the virus as changed circumstances.  He claims that, due to his race (African-American) and prior health condition (bleeding ulcers, asthma and a gonorrhea infection), he is at a "high-risk" for being infected.  Defendant briefly mentions he "does not pose a flight risk and is not a danger to the community" and can reside with his wife under electronic monitoring.  (Doc. 114, PageID: 577).

The only changed circumstance that Defendant cites since his waiver of the Detention Hearing is COVID-19.  The Court understands the general risks that COVID-19 presents to certain populations, including those is jails and prisons.  But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order."  *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same).  The fact that COVID-19 may come to the facility where Defendant is housed does not go to Defendant's flight risk or danger to the community.  Defendant has a significant criminal history, including multiple violations of court supervision.  In fact, Defendant was on supervised release when he allegedly

committed the instant offenses.  Defendant's past behavior demonstrates that he performs poorly under court supervision.  This remains true despite COVID-19 and Defendant has not argued otherwise.

Moreover, Defendant has not demonstrated that he has been exposed to the virus.  If anything, the letter from the Warden demonstrates that the facility is taking proper precautions to limit the spread of the virus.[1]  (*See* Doc. 119, PageID: 599-601).  Furthermore, Defendant does not claim he is receiving inadequate medical treatment for his other ailments.  *Tawfik*, 2020 WL 1672655, at *3.  Defendant's prior "health problems alone do not necessarily mean that a defendant does not pose a flight risk or a risk of danger to others."  *United States v. Dimora*, 2012 WL 1409396, at *4 (N.D. Ohio Apr. 23, 2012).

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention hearing and maintains Defendant's detention.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 114) is **DENIED**.

**IT IS SO ORDERED.**

> s/ Christopher A. Boyko
> **CHRISTOPHER A. BOYKO**
> **Senior United States District Judge**

**Dated: April 17, 2020**

---

[1] As of April 16, 2020, Northeast Ohio Correctional Center—the facility where Defendant is currently detained—has reported that no inmates have contracted COVID-19.  (https://drc.ohio.gov/Portals/0/DRC%20COVID-19%20Information%2004-16-2020%201522%20%28002%29.pdf) (last accessed Apr. 17, 2020).  The institution is in lockdown as a precautionary measure due to the positive test.